## Frank Batts v. The State.

### No. 5791.　Decided April 21, 1920.

**Manslaughter—Evidence—Letters—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, appellant complained of the action of the trial court in refusing to admit in evidence two certain letters which were admittedly written to his wife by a witness for the State, to show the *animus* of said witness, but the record disclosed

nc such *animus*, there was no reversible error. Besides, the conviction is sustained by the testimony of a number of other State's witnesses, and there is no reversible error.

Appeal from the District Court of Ellis. Tried below before the Honorable F. L. Hawkins.

Appeal from a conviction of manslaughter; penalty: two years imprisonment in the penitentiary.

*J. T. Spencer* and *C. F. Winn*, for the appellant.—On question of refusing to admit letters in evidence: Roseborough v. State, 1 S. W. Rep., 459; Owens v. State, 96 id., 31; Gelber v. State, 120 id., 863, O'Neil v. State, 122 id., 386; Watts v. State, 18 Texas Crim. App., 384.

*Alvin M. Owsley,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was indicted in the District Court of Ellis County, for murder, and upon his trial, was convicted of manslaughter, his punishment being fixed at two years in the penitentiary.

All the parties to the transaction were negroes.. Appellant was proprietor of a cold drink stand in the town of Midlothian, in Ellis County, and on the night of the homicide, deceased, who was drunk at the time, bought several bottles of soda water in appellant's place, and on the occasion of the purchase of the last one, indulged in some profanity, which appellant objected to; and out of this situation the killing resulted. No questions are in the record for review, except the correctness of the action of the trial court in refusing to admit in testimony two letters, which were admittedly written to the wife of appellant by a witness for the State, whose name was Miller. The stated purpose of the admission of these letters, was to show animus on the part of said witness against appellant. The letters were substantially similar, and consisted of an expressed desire on the part of the writer to be a "side friend" of the recipient, and to be secretly in her company. No reference to appellant appears in either of the letters, nor is there any inference of animus against him to be deduced therefrom, unless same arises by reason of the fact that the writer wished to become on intimate terms with appellant's wife. The wife testified for appellant, and said that she and witness Miller had been good friends for a long time; that the reception of the letters did not anger her. No trouble or disagreement of any kind between appellant and the witness Miller is shown, and said witness testified on cross-examination that his feelings toward appellant were friendly. It seems to us that any inference of animus is exceedingly remote, if in fact same is deducible at all.

There is another view of this matter: The record discloses that there were a number of negroes in the place at the time of the fatal difficulty, five of whom were introduced as witnesses for the State, and three of whom appeared for appellant. There was a substantial agreement between the State witnesses, the usual differences appearing as to the exact language used by the various parties, and it is possible that the witness Miller was a little more positive and confident in his assertions of what occurred than some of the others; but if his testimony were entirely out of the case, the evidence of the remaining State witnesses would amply support this verdict. The witnesses for appellant substantially agreed that at the time that the injury was inflicted, deceased, with a soda-water bottle in one hand, and as testified to by one of appellant's witnesses, a knife in the other, was advancing down the counter of said drink stand, on the outside thereof, toward appellant, and that appellant, with a pistol held in one hand, threw a rock at deceased with the other hand, which rock struck deceased in the forehead, inflicting the injury from which death resulted within a few days. The lowest penalty for manslaughter was assessed by the jury, and if the letters had been admitted, and their effect had been to show animus on the part of the witness Miller, there seems to us to still be ample evidence to support the verdict. We do not think the letters admissible, but if we are in error in this, we are of the opinion that under the facts of the case, their rejection worked no possible injury to appellant. This being the only ground of contention on this appeal, and being unable to agree with same, the judgment of the trial court is affirmed.

*Affirmed.*